George, Guardian *v.* Alexander, Admr.

5-1646                                    317 S. W. 2d 124

Opinion delivered November 3, 1958.

*Wayne Foster,* for appellant.

*Wilton E. Steed, Chas. S. Goldberger, Jay W. Dickey,* for appellee.

J. Seaborn Holt, Associate Justice. Mrs. Elnora Brown died intestate, without descendants, on April 2, 1956. Her husband, Edwin Brown, and three other parties, claiming to be her heirs at law, survived her. Certain realty owned by the decedent was sold for a cash consideration of $2,900 and is now held by the duly appointed administrator, Kenneth Alexander, appellee. Mrs. Brown's husband was declared incompetent and appellant, Corinne George, was appointed his guardian on April 9, 1956. The facts in this case appear not to be in dispute. Mrs. Elnora Brown had acquired the property in question as a devisee under the will of her (full) sister, Lucinda Adams, on March 22, 1955. The sole question for our determination is whether the estate of Mrs. Brown, deceased, in her real property here involved, was an ancestral estate, or a new acquisition.

Under the provisions of Sec. 61-228 Ark. Stats. 1947, Curtesy—Descent and Distribution—the surviving husband is entitled to one-third of the wife's realty for life if the estate is ancestral. If the estate is a new acquisition, then the husband would be entitled to one-half of

her realty in fee. A trial resulted in a judgment finding and declaring the estate of Elnora Brown to be an ancestral estate and we hold that the court was correct in so finding.

The distinction generally held between an ancestral estate and a new acquisition, is that a new acquisition is one that the intestate acquired by his exertions and industry or by will or deed from a stranger to the blood. See *Kelly's Heirs et al.* v. *McGuire and wife et al.,* 15 Ark. 555. Here the property came to the wife solely by the will of her sister. The blood relationship of the decedent, Mrs. Brown, and her sister brought this estate into being. ". . . ancestral estates come from no other consideration but that of blood; all others are new acquisitions," *Dowell* v. *Dowell,* 207 Ark. 578, 182 S. W. 2d 344. This court in *Carter* v. *Carter,* 129 Ark. 7, 195 S. W. 10, used this language: "Under our statute of descents as interpreted by this court it is held that ancestral estates embrace not only descended estates, but also all other, which may have come to the intestate by gift, or devise, from either parent, or from any relation of the blood of either parent, and that, as to all such, it is the manifest intention of the legislature, upon the death of the intestate, without issue, to preserve them in the line of the blood from whence they came to the same extent that descended estates were so preserved at common law."

We conclude, therefore, that this property became vested in the decedent because of the blood relationship to her sister, Lucinda Adams, who willed it to her, and is, therefore, ancestral property. Affirmed.